1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,                No.  2:14-cr-00326 JAM GGH

12 |                 Plaintiff,

13 |         v.                               FINDINGS AND RECOMMENDATIONS

14 | RIGOBERTO CECENA

15 |                 Movant.

16

17

18 | *Introduction and Summary*

19 |         Movant entered into a plea agreement, which in part, with exceptions not applicable here,

20 | waived any appeal or collateral proceeding with respect to attacking his conviction or sentence.

21 | He challenges his sentence in this 28 U.S.C. § 2255 proceeding as being unfair when compared to

22 | the sentences of his co-defendants.  ECF No. 124.  He also brings sundry other claims with respect

23 | to his sentence.  It might be added, that at the time of his judgment and sentencing which effected

24 | the waiver, movant was aware of his co-defendant's sentences.  Moreover, movant is untimely in

25 | bringing this Section 2255 motion.  For these reasons, movant's Section 2255 motion should be

26 | denied.

27 | ////

28 | ////

1

1    *Factual Background*

2         Movant pled guilty to Count 1 of the Superseding Information (Possession with Intent to

3    Distribute at least 50 grams of methamphetamine). ECF Nos. 70, 72. Judgment was accordingly

4    entered on February 21, 2017. ECF No. 113. Movant was sentenced to federal prison for a total

5    term of 148 months. ECF No. 113 at 2. The plea agreement underlying the conviction and

6    sentence provided that defendant understood that a maximum sentence could be imposed, and

7    that movant would not be permitted to withdraw his plea at a later time simply because he was

8    unhappy with the sentence imposed. ECF No. 71 at 2.  Movant was not permitted to argue for a

9    sentence less than 60 months, id. , and the government recommended that movant be incarcerated

10   for 168 months. ECF No. 94, 109.

11        The plea agreement contained the following waiver of appeal and collateral attack on the

12   conviction/sentence:

13               **B.      Waiver of Appeal and Collateral Attack**

14               The defendant understands that the law gives the defendant
15        a right to appeal his guilty plea, conviction, and sentence. The
     defendant agrees as part of his plea/pleas, however, to give up the
16        right to appeal the guilty plea, conviction, and the sentence imposed
     in this case as long as the sentence does not exceed 210 months.
17        The defendant specifically gives up the right to appeal any order of
     restitution the Court may impose.

18               Notwithstanding the defendant's waiver of appeal, the
19        defendant will retain the right to appeal if one of the following
     circumstances occurs: (1)  the  sentence  imposed  by the District
20        Court  exceeds  the  statutory maximum; and/or (2) the government
     appeals the sentence in the case.  The defendant understands that
21        these circumstances occur infrequently and that in almost all cases
     this Agreement constitutes a complete waiver of all appellate rights.

22               In addition, regardless of the sentence the defendant
23        receives, the defendant also gives up any right to bring a collateral
     attack, including a motion under 28 U.S.C. § 2255 or § 2241,
24        challenging any aspect of the guilty plea, conviction, or sentence,
     except for non-waivable claims.

25   ECF No. 71 at 8.

26        Despite his agreement not to appeal, movant appealed anyway. The Ninth Circuit

27   upheld the waiver of appeal and held: "Contrary to Cecena's contention, the district

28   court's failure to impose a lower sentence in light of the sentence received by Cecena's

1  codefendant does not render his sentence illegal. *See United States v. Bibler*, 495 F.3d

2  621, 624 (9th Cir. 2007) ('A sentence is illegal if it exceeds the permissible statutory

3  penalty for the crime or violates the Constitution.')" ECF No. 122.

4  *Discussion*

5      A.  Movant's Section 2255 Motion is Barred by Waiver

6      Movant's Section 2255 motion is barred, not only by the terms of the plea

7  agreement itself, but also by principles of law of the case.  Law of the case forbids

8  relitigation by a lower court of a higher court's ruling absent a change in the law or

9  manifest injustice.  See Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012)

10  ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue

11  that has already been decided by the same court or a higher court in the same case.").

12  There has been no change in the law applicable to movant's waiver of collateral attack, [1]

13  and there has been no manifest injustice.  Indeed, there could not be in this case because

14  the Ninth Circuit upheld the "waiver" section of the plea agreement.  There are simply no

15  distinguishing facts which could differentiate the validity of the waiver of appeal from the

16  waiver of Section 2255 collateral attack.

17      Related to the above is the principle that a litigant is not permitted to raise in a new

18  Section 2255 proceeding an issue that has been decided adversely to him on direct appeal,

19  United States v. Scrivner, 189 F.3d 925, 928 (9th Cir. 1999), or should have been raised

20  on direct appeal. Bousley v.United States, 523 U.S. 614, 622 (1998). The same issue

21  movant raised on appeal, he raises here in Claims 2, 3, 4 (variations on the same theme[2]):

22  My sentence was unfair because my co-defendants received lesser sentences than I did,

23  and the Sentencing Guidelines were applied incorrectly.  These issues either were raised

24  on direct review or were all subject to being raised on direct review.[3]

25  ───────────────────────
[1] Movant presently has pending a request for resentencing pursuant to the First Step Act. That
26  proceeding is independent of this present Section 2255 motion, and the outcome here is not
affected by the First Step Act.
27  [2] Claim 2—Illegal Sentence; Claim 3—Ambiguous Plea Agreement; Claim 4—Defendant's
Constitutional Rights Violated.
28  [3] Movant could avoid this procedural default by showing cause and prejudice. Bousley, supra.

Finally, even if the undersigned were to review the issue of collateral attack waiver for manifest injustice *de novo*, the same result would be obtained. At the time of sentencing, petitioner already knew the outcome of his co-defendant's sentencings.[4] Movant was aware of one co-defendant's plea agreement prior to the time movant entered into his plea agreement. See footnote 2. He knew at time of sentencing that he stood a good chance of receiving more incarceration time than both co-defendants by the very terms of his plea agreement. Yet, he adhered to the plea bargain. There is nothing unfair about upholding the plea bargain.

However, waivers of direct appeal and collateral attack are not absolute. If the waiver was obtained by markedly deficient advice from one's attorney, the waiver would be ineffective. Lafler v. Cooper, 566 U.S. 156 (2012); Washington v. Lambert, 422 F.3d 864 (9th Cir. 2005). Petitioner has not come close here. By simply uttering the phrase of an attorney's "deficient performance" or similar conclusions, without more, petitioner cannot overturn the waiver of appeal/collateral attack. Petitioner must make good faith, *factually specific* assertions, on the merits that his counsel was constitutionally ineffective

---

Movant's repeated conclusion that he was unaware of his appellate rights and that there was newly discovered evidence goes no distance in meeting his burden

[4] With respect to co-defendant Valenzuela-Herrera, the plea agreement, in which the government would recommend time served was filed on January 15, 2016. ECF No. 58. Co-defendant Valenzuela-Herrera was sentenced to time served on April 22, 2016. ECF No. 86. In the government's plea agreement with co-defendant Perez, filed April 22, 2016, the government agreed to recommend sentence at the low end of the Guidelines. ECF 84 at 4. On December 16, 2016, co-defendant Perez was sentenced to 48 months. ECF No. 118.

Movant's guilty plea where he agreed to waiver was on March 18, 2016, ECF No. 72—which was made two months after Valenzuela-Herrera' agreement. While Perez's agreement was filed a month after movant's, Perez' sentencing took place prior to movant's sentencing on February 10, 2017. ECF No. 111. At the time of movant's sentencing, movant personally addressed the judge, but never said at his sentencing that he believed he had been treated unfairly because of lower plea agreement recommendations to the other defendants by the government. ECF No. 115 at 7-8. His attorney made the argument that movant should not be treated more harshly than the co-defendants. Id. at 3-7. However, there was no request to withdraw movant's guilty plea; no request was made to upset the plea agreement.

1  in advising him about the plea. <u>United States v. Roberson</u>, No. CR S-02-0364 WBS, 2008

2  WL 4966207, at*1 (E.D. Cal. Nov. 20, 2008) (cases cited therein).

3      In the petition, the sum total of ineffective assistance allegations (Claim 1) are as

4  follows:

5          Defendant's Sixth Amendment rights were clearly violated by the
           representation provided by the United States Public Defender's
6          office through the ineffective or deficient representation which fell
           below an objective standard of reasonableness.  It is evident that
7          counsel's deficient performance prejudiced the defendant.

8  ECF No. 124 at 4.[5]

9      No traverse was filed. Claim 1 is without merit.

10     B. <u>The Section 2255 Motion Is Time Barred</u>

11     As set forth in the United States' opposition, the appeal in this case was decided on

12 October 2, 2017. Petitioner had 90 days from that date in which to seek certiorari in the

13 U.S. Supreme Court.[6]  Pursuant to 28 U.S.C. § 2255(f), a one-year statute of limitations

14 commences to run from the expiration of the 90-day period—here, January 18, 2018.

15 <u>United States v. Garcia</u>, 200 F.3d 1958 (9th Cir. 2000). Movant filed his Section 2255

16 motion on May 11, 2020. The Section 2255 motion is accordingly untimely.

17     There might be situations where movant's time in which to file a Section 2255

18 motion would be equitably tolled.  <u>United States v. Gilbert</u>, 807 F.3d 1197 (9th Cir. 2015).

19 However, those situations must be extraordinary, <u>id</u>. at 1202, and movant makes no such

20 showing here. Instead, movant repeats for each claim that he "was unaware of his

21 appellate rights and newly discovered evidence became available."  ECF No. 124 at 5.

22 Of course, movant appealed, and this part of the statement makes no sense. Movant does

23 not relate at all what the "newly discovered evidence" might be. Moreover, footnote 4 of

24 this Findings and Recommendations demonstrates that there was no surprise to movant in

25 what transpired in terms of his co-defendants' sentences.

26     Accordingly, the Section 2255 motion is untimely.

---

27 [5] This claim was nearly identically reprised as a tag line for Claim 2.

28 [6] The time to seek certiorari runs from when the appellate judgment is entered, not from the time the mandate is issued. <u>United States v. Garcia</u>, 210 F.3d 1958 (n.6) (9th Cir. 2000).

1    *Certificate of Appealability*

2           A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

3    applicant has made a substantial showing of the denial of a constitutional right." 28

4    U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating

5    which issues satisfy the required showing or must state the reasons why such a certificate

6    should not issue. Fed. R. App. P. 22(b). Based on the reasons set forth above, movant has

7    not made a showing that jurists of reason would find it debatable whether this court was

8    incorrect in its findings and recommendations. Accordingly, a certificate of appealability

9    should not issue in this action.

10   *Conclusion*

11          Accordingly, IT IS HEREBY RECOMMENDED that:

12   1.  Movant's 28 U.S.C. § 2255 motion, ECF No. 124 should be dismissed with

13       prejudice; and

14   2.  The district court decline to issue a certificate of appealability as referenced in 28

15       U.S.C. § 2253.

16          These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

18   fourteen days after being served with these findings and recommendations, any party may

19   file written objections with the court and serve a copy on all parties. Such a document

20   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

21   Any reply to the objections shall be served and filed within fourteen days after service of

22   the objections. The parties are advised that failure to file objections within the specified

23   time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d

24   1153 (9th Cir.1991).

25   Dated: November 13, 2020

26                              /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

27

28

6